OPINION
{¶ 1} Appellant Bill Sontos appeals a judgment of the Muskingum County Common Pleas Court dismissing his complaint for legal malpractice and breach of contract against appellee Robert Aaron Miller. While appellant does not specifically assign error to the trial court's judgment, from his brief we extrapolate the following assignment:
 ASSIGNMENT OF ERROR {¶ 2} THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT FOR FAILURE TO APPEAR AT A PRE-TRIAL CONFERENCE.
{¶ 3} Appellant filed the instant complaint on July 20, 2001. On August 7, 2001, the court set the case for a status call and pre-trial conference on October 29, at 3:00 p.m.
{¶ 4} Appellant attached to his brief a copy of a motion for a continuance of this hearing, which shows that it was faxed to the court and to appellee on October 29, at approximately 9:30 a.m. However, this motion was never filed with the court, and does not appear in the record or in the docket. Nevertheless, on October 30, 2001, the court assigned the case for a status call and pre-trial conference on February 11, 2002. The certificate of service on this judgment notes it was served on the parties on October 29.
{¶ 5} At 1:22 p.m. on October 29, 2001, appellee filed a motion to dismiss the case for failure to prosecute, arguing that he was present at 3:00 p.m. for the scheduled hearing, and appellant failed to appear.
{¶ 6} On November 28, 2001, the court dismissed the case in accordance with appellee's motion.
{¶ 7} We agree with appellant that the court erred in dismissing the case. The motion to dismiss for failure to prosecute, claiming that appellee appeared for this originally scheduled pre-trial conference, while appellant failed to appear, was filed more than 90 minutes before the scheduled time of the pre-trial conference. At 1:22 p.m. appellee could not know whether appellant would appear for the 3:00 court hearing. Further, on October 30, nearly one month before dismissing the case, the court re-set the matter for hearing on February 11, 2002. This document reflects that it was served on the parties on October 29. The court erred in dismissing the case for failure to prosecute when the motion was filed before the scheduled time for the hearing, and when the court had re-scheduled the hearing for a later date.
{¶ 8} The judgment of the Muskingum County Common Pleas Court is reversed. The complaint is reinstated, and this cause is remanded to that court for further proceedings.
By GWIN, J., HOFFMAN, P.J., and WISE, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Muskingum County Common Pleas Court is reversed. The complaint is reinstated, and this cause is remanded to that court for further proceedings. Costs to appellee.